MR. JUSTICE SHEEHY,
concurring and dissenting:
I dissent to the portion of the majority opinion that plaintiff is entitled only to one-half of the face amount of the two checks in the absence of additional proof. Instead, I would order on remand that judgment be entered in her favor for the face amount of the two checks.
There is no reason for us to assume that the legislature did not know what it was doing when it imposed absolute liability on the drawee bank in Section 30-3-419(2), MCA. It is evident to me that the legislature thought it important to prescribe full liability for the face of the instrument as a measure to prevent happening what did happen here, a careless negotiation in a closed account of unendorsed checks presented by one of two named payees. The statute imposes a heavy liability even though one of the joint payees is a wrong-doer. It is more important, I believe, and the legislature surely so believed, to preserve the integrity of the banking process in handling negotiable instruments for the benefit of the commercial community. After all, the UCC was largely produced by bankers, and they saw in the provision of absolute liability protection to themselves as well as to the public dealing with banks.
The majority pay large attention to the circumstance of two names in these checks which is not mentioned in Section 90-3-419(2). Here majority have placed a molehill on the desk, and managed to make a mountain of it. The solution should be simple: The banks are absolutely liable for the face of the instruments, once. It is the business of the joint payees how the proceeds should be divided between *260 them. Section 70-1-311, MCA. Instead, the majority supersede the plain mandate of the lawmakers in refusing to impose absolute liability.
Although I disagree with the majority in whole, I must point out also their misinterpretation of joint ownership law in assuming the wife is entitled to at least one-half of the proceeds. That result is based on the assumption that there existed here a joint tenancy interest. No such interest exists on the record here.
Every interest created in favor of two or more persons is a tenancy in common, including husband and wife, unless the instrument creating the interest expressly provides for a joint tenancy. Section 70-1-312, MCA. Here we know only that the checks were made payable to two persons, without a creation of joint tenancy. Property in tenancy in common may be owned by the parties in any proportion. On the other hand, if a joint tenancy is created the law dictates that the several persons own in equal shares. Section 70-1-306, MCA. Thus, the banking laws provide that even in joint tenancy, the whole of the deposit may be paid to any of the depositors demanding the same. Section 32-1-442, MCA. Here the wife had a right by statute to the whole of the face amount of the checks. She should not be put to proof, between her and the bank, as to her ownership of a portion of the deposit.
I concur in the rest of the opinion.